```
              IN THE UNITED STATES DISTRICT COURT
               FOR THE SOUTHERN DISTRICT OF OHIO
                        EASTERN DIVISION
```

Kellee Kendell, et al.,          :

      Plaintiffs,              :

   v.                               :     Case No.  2:15-cv-3107

Cesar V. Pamesa, RN, et al.,     :
                                     Magistrate Judge Kemp
      Defendants.              :

## OPINION AND ORDER

This case, which has been referred to the Magistrate Judge by consent of the parties and pursuant to 28 U.S.C. §636(c), is before the Court to consider Plaintiffs' motion to remand. Defendants do not oppose the motion, conceding that they improperly removed the case, but they argue that Plaintiffs are not entitled to attorneys' fees incurred in moving to remand. For the following reasons, the Court disagrees, and will both grant the motion to remand and award attorneys' fees to the Plaintiffs.

### I. Background

The Court need recite only a brief bit of procedural background. Plaintiffs are, according to the complaint, both Georgia residents. The complaint identifies the two defendants as an Ohio limited liability company and an Ohio registered nurse. Plaintiffs pleaded three state law tort claims. The notice of removal admits the Ohio citizenship of both defendants. That notice asserts that removal is proper because the parties are of diverse citizenship and the amount in controversy exceeds $75,000.00. Removal was made pursuant to 28 U.S.C. §1441. See Notice of Removal, Doc. 1, ¶s 8-10.

The notice of removal was filed on December 23, 2015. Plaintiffs moved to remand on January 20, 2016. As noted, Defendants do not argue that removal was proper. They do,

however, note that there is a related case pending in this Court, and assert that "[g]iven the concurrent litigation involving nearly identical parties, the complete diversity of the parties, and Plaintiffs' history with Phoenix Home Health Care Resources, removal was 'objectively reasonable.'" Defendants' Memorandum in Opposition, Doc. 11, at 3.

## II. Analysis

Defendants removed this case under 28 U.S.C. §1441. That statute says, as it relates to this case, the following:

> (b) Removal based on diversity of citizenship.--(1) In determining whether a civil action is removable on the basis of the jurisdiction under section 1332(a) of this title, the citizenship of defendants sued under fictitious names shall be disregarded.
>
> (2) A civil action otherwise removable solely on the basis of the jurisdiction under section 1332(a) of this title may not be removed if any of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought.

Not much discussion is necessary to make the point that this case was removed contrary to the prohibition found in §1441(b)(2). That is why remand is appropriate.

The only other question raised by the motion to remand is whether Plaintiffs can recover their attorneys' fees for having had to move to remand. 28 U.S.C. §1447(c) addresses this issue, stating that "[a]n order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." Defendants agree that the standard to be applied to a request for fees under §1447(c) is objective reasonableness. See Doc. 11, at 3, citing Martin v. Franklin Capital Corp., 546 U.S. 132, (2005)("Absent unusual circumstances, courts may award attorney's fees under §1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal. Conversely, when an objectively

-2-

reasonable basis exists, fees should be denied"). The parties' disagreement is limited to whether Defendants had an objectively reasonable basis for seeking removal.

Plaintiffs rely heavily on the Court of Appeals' decision in Chase Manhattan Mortg. Corp. v. Smith, 507 F.3d 910 (2007), arguing that the facts of that case and this one are indistinguishable. Defendants characterize the language in the case which supports an award of attorneys' fees as *dictum*. Consequently, some analysis of the case is necessary.

Smith was a mortgage foreclosure action originally filed in the Court of Common Pleas of Hamilton County, Ohio. It was removed based on both federal question and diversity grounds, and remanded after this Court, per Judge Dlott (adopting a Report and Recommendation from Magistrate Judge Hogan), found that the case did not present a federal question and that removal on diversity grounds was barred by §1441(b)(2) because the defendants were Ohio citizens. See Case No. 1:06-cv-38, Docs. 13 and 31. Magistrate Judge Hogan also recommended an award of fees, finding that there was no arguable basis for the removal. Defendants did not object to remand, but did object to an award of fees, but the Court overruled that objection, and Defendants appealed.

According to the Court of Appeals, the sole question presented by the appeal was whether "the district court abused its discretion to award fees and costs to plaintiff." Smith, 507 F.3d at 912. The court rejected the defendants' argument, concluding that "[t]here was no objectively reasonable basis to conclude that diversity jurisdiction was appropriate because the Smiths were citizens of the state where the state court action was filed." Id. at 913. It also agreed that the complaint, which pleaded only state law claims, could not reasonably have been construed to support federal question jurisdiction. However, the court also noted that the only arguments presented

-3-

by the defendants on appeal related to federal question jurisdiction, and they did not contend that removal was objectively reasonable (even if erroneous) under §1441(b)(2).  It is this statement which Defendants rely on in asserting that Smith does not directly control the outcome of this case.

In the end, it does not matter.  Smith's observation that a removal which occurs in direct contravention of §1441(b)(2) is not objectively reasonable is persuasive.  Attorneys' fees are routinely awarded by District Courts in this circuit when removal occurs in violation of §1441(b)(2).  See, e.g., LeFevers v. Wayne Disposal, Inc., 2008 WL 5188808 (E.D. Mich. Dec. 10, 2008); Saunders v. Justice, 2009 WL 279115 (E.D. Ky. Feb. 4, 2009); 3W International, Inc. v. Scottdel, Inc., 722 F.Supp. 2d 934 (N.D. Ohio 2010); Federal Nat'l Mortgage Ass's v. Jaa, 2014 WL 1910898 (W.D. Tenn. May 13, 2014).

Defendants make much of the fact that there is related litigation here and that it would make sense to have a single judge decide the issues in both cases.  They do not cite any cases, however, holding that the desire to consolidate related cases can reasonably support an otherwise improper removal, and the Court cannot accept that rationale.  There is simply no "judicial economy" exception to the statute, and §1441(b)(2)'s language is clear enough to alert a reasonable reader that such exceptions cannot be judicially grafted onto it.  Cf. Staggs v. United States, 2013 WL 1442311, *1 (S.D. Ind. April 9, 2013)(the removing party "has not cited a single judicial decision in which a federal court has ordered, pursuant to 28 U.S.C. §1367, that a case properly pending in state court be removed and consolidated with a federal court action, and we doubt that he could").  Consequently, Plaintiffs are entitled to an award of reasonable attorneys' fees under §1447(c).

III.  Order

For the reasons set forth above, Plaintiffs' motion to remand this case to the Court of Common Pleas of Franklin County, Ohio (Doc. 5) is granted.  Plaintiffs are also entitled to reasonable attorneys' fees.  If they wish to pursue such an award, and if the parties are unable to agree on an amount, Plaintiffs shall file a properly-supported fee application within fourteen days of the date of this order.

>/s/ Terence P. Kemp
> United States Magistrate Judge