```
             IN THE UNITED STATES DISTRICT COURT
              FOR THE SOUTHERN DISTRICT OF OHIO
                         EASTERN DIVISION
```

Kellee Kendell, et al.,          :

      Plaintiffs,               :

  v.                              :     Case No.  2:15-cv-3107

Cesar V. Pamesa, RN, et al.,     :
                                Magistrate Judge Kemp
      Defendants.               :

## OPINION AND ORDER

    This diversity case was improperly removed by in-state defendants and has been remanded to the Court of Common Pleas of Franklin County, Ohio.  <u>See Kendell v. Pamesa</u>, 2016 WL 537797 (S.D. Ohio Feb. 11, 2016).  In that same opinion, the Court determined that Plaintiffs were entitled to an award of attorneys' fees under 28 U.S.C. §1447(c).  The parties attempted to resolve the amount of the fee award without Court intervention but did not succeed.  Although the case itself has been remanded, the Court retains the  jurisdiction to make a fee award.  <u>See generally Stallworth v. Greater Cleveland Regional Transit Authority</u>, 105 F.3d 25 (6th Cir. 1997).  For the following reasons, the Court awards Plaintiffs the sum of $6,650.00 as fees under §1447(c).

### I.  Background

    The Court incorporates the background of the case itself as set forth in the February 11, 2016 Opinion and Order.  There is some additional relevant background in the briefing on the fee issue and other documents of record.

    The notice of removal, Doc. 1, asserted that the case was removable under 28 U.S.C. §1441 because diversity jurisdiction existed under 28 U.S.C. §1332; Plaintiffs are Georgia residents and defendants are citizens of Ohio.  That removal was clearly improper because in-state defendants cannot remove a diversity

case.  That issue was raised in the motion to remand, which addressed both the question of removal and the issue of attorneys' fees in four pages.  Doc. 5.  In their five-page response, Defendants conceded the question of removal but made a brief argument that an award of attorneys' fees was not warranted.  The reply (eight pages long) discussed only that issue.

The itemization of hours attached to the motion for fees shows that Plaintiffs' counsel, Joseph Tann, spent eight hours on the reply brief and six hours writing the motion and supporting memorandum.  Mr. Tann charges $350.00 per hour for his services.  Fourteen hours of his time is therefore worth $4,900.  He also spent 3.5 hours researching and writing the fee application and another hour and a half on the reply, for a total of five more hours and an additional $1,750 in fees.  That comes to $6,650 for the nineteen hours spent directly on briefing the issues of removal and remand, entitlement to attorneys' fees, and the amount of the fees.

The balance of the time for which Plaintiffs seek compensation - 24.75 hours, which, billed at $350 per hour, totals $8,662.50 - was spent on a variety of tasks.  Mr. Tann spent 8.5 hours generally reviewing, researching, and discussing the notice of removal; 7 hours preparing for the Rule 26(f) conference; three-quarters of an hour discussing the order of reference with his clients; and the rest of the time trying to settle the attorneys' fees issue.  Plaintiffs claim that none of this work would have been necessary had the case not been removed improperly, and that the fee award should encompass all of it.  As more fully discussed below, Defendants do not agree, and suggest that the Court limit the fee award to a "nominal amount."

II.  Discussion

There are really two issues here.  The first is how much

time was reasonably spent on obtaining a remand, work necessary only because the case was removed without an objectively reasonable basis for doing so.  The second (which actually has two subparts) is whether the Court can compensate Plaintiff for time spent on federal court activities not directly related to obtaining remand (like preparing for a Rule 26(f) conference) and, if so, whether it should do so.  The Court will address each issue separately.

### A. Compensation for Obtaining a Remand

At Mr. Tann's normal hourly rate (which is not contested), $4,900 of time was spent researching and briefing the remand issue.  A fair portion of that time was spent attempting to establish an entitlement to attorneys' fees, since that was really the only contested issue.  Reasonable minds might differ on whether six hours was really needed to research and brief the issue of whether courts in this Circuit have construed the removal statute to mean exactly what it says about removal of diversity cases by in-state defendants, but any such dispute would have little impact on the total amount of fees awarded.

As to the time spent in researching and briefing the question of entitlement to fees, which would constitute the majority of the work done on the reply brief, and work done on the fee petition itself, there does not appear to be any reason not to compensate a successful movant for those expenditures. See, e.g., Albion Pacific Property Resources, LLC v. Seligman, 329 F.Supp.2d 116 (N.D. Cal. 2004)(including time spent on the attorneys' fees request in the lodestar calculation); Waymire v. Leonard, 2010 WL 3910218 (S.D. Ohio Oct. 4, 2010)(same).  As to these specific items, Defendant does not appear to take issue with the amount of time spent.  The Court finds that number reasonable as well.  The lodestar amount for all of the research and briefing on the remand issue amounts to $6,650.00.

B.  <u>Other Time Expenditures</u>

As to the remaining time, the parties acknowledge that there is a split of authority even within this District on whether these are compensable under §1447(c).  In <u>Marel v. LKS Acquisitions, Inc.</u>, 2010 WL 1372412 (S.D. Ohio Mar. 31, 2010), Judge Rose said that the fees awarded under that section must pertain directly to the motion to remand.  Other Judges of this Court have read the statutory language more broadly.  <u>See, e.g., Cardinal Health 200, LLC v. Allscripts, LLC</u>, 2013 WL 4081060 (S.D. Ohio Aug. 13, 2013), <u>adopted and affirmed</u> 2014 WL 971987 (S.D. Ohio Mar. 12, 2014).  This Opinion need not resolve that conflict.  The Court is simply not convinced that the time spent on litigation activities in federal court - even the preparation of a Rule 26(f) report, which is not required under the Ohio Civil Rules - is time spent only because of the removal.  The type of communication and planning that goes into a 26(f) report is part of the litigation process whether formally required or not, and will be useful to Plaintiffs in advancing the case in state court.  The Court will therefore not make any fee award for that time.

C.  <u>Other Factors</u>

Apart from attacking specific time entries, none of which are included in the $6,650 lodestar amount, Defendants argue that any fee award beyond a nominal one is too much.  They cite to a number of cases where small awards (under $3,000) were made.  But there are also many cases, which need not be cited here, where courts have made awards larger than those, and larger than the lodestar amount here, even when the issue of removal and remand was not complex.  There is no way to generalize such cases; they rise or fall on their own facts.  The Court has no reason to doubt that Mr. Tann spent the time he claims.  He has a high hourly rate, but it is not unreasonable, and Defendants, having

forced him to raise and brief both the motion to remand and the issue of fees, should not be heard to complain that he did so thoroughly.  The Court concludes that the amount of $6,650 is an appropriate award in this case, given how it unfolded.  That might be too high or too low in another case, but the Court limits its ruling to the case and the record before it.

### III.  Order

For the reasons set forth above, Plaintiffs are awarded the sum of $6,650.00 in attorneys' fees under 28 U.S.C. §1447(c), to be paid within thirty days.


/s/ Terence P. Kemp
United States Magistrate Judge